UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:17-cr-116 |
| | § | |
| STEPHEN E. STOCKMAN | § | |
| | § | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL

The United States of America, through its undersigned attorneys, submits this response in opposition to Defendant Stephen Stockman's Motion to Continue Trial. (Doc. 98.)  Jury selection and trial are currently set for January 29, 2018.  (Doc. 79.)  The Defendant has moved for a continuance until "at least the end of April, 2018."  (Doc. 98, at 2.)  The United States respectfully requests that the Court deny the Defendant's motion and maintain the current trial schedule.

This Court has "broad discretion" in deciding whether to grant or deny a defendant's motion to continue trial. *United States v. Scott*, 48 F.3d 1389, 1393 (5th Cir. 1995).  The factors the Court should consider include, "(1) the amount of preparation time available, (2) whether the defendant took advantage of the time available, (3) the likelihood of prejudice from a denial, (4) the availability of discovery from the prosecution, and (5) the complexity of the case." *Id.*  An

assessment of these factors is based on the reasons for the continuance presented to the court at the time the motion is heard. *See id.*

The Defendant has not put forth sufficient reasons to justify the requested continuance. First, by the time of trial—which is still approximately three months away—the defense will have had sufficient time to prepare. The Superseding Indictment was returned on March 28, 2017, (Doc. 23), meaning there will be approximately 10 months between indictment and the time of trial. Although the Defendant chose to substitute counsel as of September 8, 2017, (Doc. 83), both the Defendant and substitute counsel were aware of the current trial date at the time of the substitution. Even so, the United States submits that the five months between the substitution and trial provide sufficient time to prepare.

Second, although the case was declared complex, (Doc. 74), the detailed Superseding Indictment and the government's discovery provide a clear roadmap for the case. The Superseding Indictment charges a single straightforward fraud scheme with detailed factual allegations, and the remaining counts of the Superseding Indictment are an outgrowth of the same underlying scheme. The United States has also produced early and extensive discovery, including all

2

substantive grand jury witness testimony and all grand jury exhibits.[1] As demonstrated by the Defendant's recently filed motions to dismiss the Superseding Indictment, defense counsel has already gained a thorough grasp of the charges and the underlying discovery.

While the defense motion stresses a need to investigate the facts disclosed in co-defendant Jason Posey's interview report, (Doc. 98, at 2), the motion does not provide specifics about what needs to be investigated, and fails to explain why, in any event, the next three months would not provide ample time to conduct further investigation. Moreover, in light of the Court's busy schedule, the current trial date of January 29, 2018, appears to provide the best opportunity for both sides to make an uninterrupted, streamlined presentation of their respective cases to the jury.

The Superseding Indictment alleges that the Defendant committed serious crimes across a number of years, and the public and this Court have an interest in seeing these charges adjudicated without unnecessary delay. *See Barker v. Wingo*, 407 U.S. 514, 519 (1972) ("[T]here is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused."). The government respectfully submits that the Defendant's motion fails

---

[1] While the United States continues to provide discovery to the defense on an ongoing basis (the most recent production was October 12, 2017, ending in Bates number 146,487), the vast majority of the discovery (ending in Bates number 138,513) was produced to the defense as of April 24, 2017.

to set forth good cause for the requested continuance of an additional three months, particularly in light of the significant continuance already provided by the Court at the Defendant's request.  (Doc. 44) (continuing trial from June 5, 2017, to January 29, 2018).  Should the Court determine that a continuance of trial is appropriate, however, the United States requests that the Court set a firm trial date that will permit an efficient presentation of evidence to the jury.

Accordingly, the United States respectfully requests that the Court deny the Defendant's Motion to Continue.

Dated: November 1, 2017

Respectfully submitted,

ANNALOU TIROL
Acting Chief, Public Integrity Section

Ryan J. Ellersick
Robert J. Heberle
Trial Attorneys

ABE MARTINEZ
Acting United States Attorney

Melissa Annis
Assistant United States Attorney

By:   /s/ *Ryan J. Ellersick*
Ryan J. Ellersick
Trial Attorney
Public Integrity Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20530
Telephone: (202) 514-1412
Fax: (202) 514-3003
E-mail: ryan.ellersick2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on November 1, 2017, I provided a copy of this Response to all parties via the ECF system.

                                                     /s/ *Ryan J. Ellersick*
                                                   Ryan J. Ellersick